**ANDERSON, Appellee,**

v.

**SCHERER, Appellant; Sunrise Bank for Savings, F.S.B. Association et al.**

[Cite as *Anderson v. Scherer* (1994), 97 Ohio App.3d 753.]

Court of Appeals of Ohio,
Franklin County.

No. 94APE02–143.

Decided Sept. 29, 1994.

**754**

*Moore, Colley & Yaklevich* and *John A. Yaklevich,* for appellee.

*Baker & Hostetler* and *Robert M. Kincaid,* for appellant.

WHITESIDE, Presiding Judge.

Defendant-appellant, Ronald E. Scherer, appeals from an order of execution of garnishment and raises the following assignment of error:

"The trial court erred in ordering execution on one of Plaintiff–Appellee's claims prior to a final determination of the entire action as to all parties. (Entry and Order of Execution filed February 2, 1994.)"

This action is based upon a real estate transaction in which plaintiff-appellee, JoAnn Anderson, and her husband entered into a real estate contract to sell their residence on Riverside Drive to defendant in exchange for the transfer of his residence on Hawthornden Court,[1] $500,000 in cash, two hundred fifty shares of stock in the Jefferson Savings Bank, and a note secured by a first mortgage on the premises for $1,000,000. Initially, the parties were unable to close the transactions and agreed to lease the properties to each other. Two lease agreements were entered into. The first was for the Hawthornden Court property, and plaintiff and her husband were to pay $7,000 per month in rent. The second lease required defendant to pay $24,500 per month in rent for the Riverside Drive property.

Later, the parties closed the sale of the Riverside Drive property. As part of that transaction, defendant executed a note payable to plaintiff in the amount of $330,000 with a mortgage on the Riverside Drive property as security, transferred the Hawthornden Court property, transferred two hundred fifty shares of stock in the Jefferson Savings Bank to plaintiff's husband, and executed another mortgage on the Riverside Drive property for $1,320,000 to secure a note to Sunrise Bank for Savings, F.S.B. Association. (Defendant's deposition, at 31.)

In June 1993, plaintiff filed a complaint titled "Amended Complaint for Foreclosure of Mortgage" and alleged that defendant had executed on May 23, 1991, a promissory note in the amount of $330,000, which was secured by a mortgage. The complaint stated that the note matured on June 1, 1992, but defendant had an option to extend the maturity date to June 1, 1993.[2] Plaintiff requested money judgment for the principal amount of the note and interest. Defendant filed an answer to the amended complaint. Defendant argues that his

---

1. Some of the exhibits refer to Hawthornden "Drive" and some to Hawthornden "Court." We shall refer to it as Hawthornden Court.

2. The mortgage attached to the amended complaint is payable to Sunrise Bank for Savings, F.S.B. Association. It also refers to a note, although the note is not attached. However, the mortgage reference states that the note is dated May 21, 1991, and has an option of extending the maturity date to June 1, 1997. The note attached to the amended complaint is dated May 23, 1991, and has an option of extending the maturity date to June 1, 1993. Plaintiff filed a motion to amend the amended complaint instanter to change the mortgage reference and to substitute a different mortgage to the amended complaint. The substitute mortgage deed is illegible but seems to be payable to plaintiff, and the dates which refer to the note are the same as the note plaintiff attached to the complaint. However, the amended complaint acknowledges that Sunrise Bank and the Franklin County Treasurer each have an interest in the property.

answer also contains a counterclaim, asserting plaintiff and her husband owe rent money under the lease agreement and that plaintiff's husband and Scherer Properties, Inc. were additional parties to the lease agreement and must be joined as additional parties pursuant to Civ.R. 13 and 19. Defendant's counterclaim asserted that the Andersons owed Scherer Properties, Inc. $144,386.12, plus interest.

Plaintiff filed a motion to strike defendant's counterclaim, his fifth defense of his answer,[3] the names of "Michael H. Anderson" and "Scherer Properties, Inc.," from his answer, and a request for attorney fees in connection with the motion. Plaintiff also filed a motion for partial summary judgment as to count one of the complaint, concerning judgment on the note.

The trial court granted the motion and entered judgment ordering defendant to pay plaintiff $360,385.19, and the entry states "that there is no just reason for delay." On that same day, nonwage garnishment orders were sent to several banks, including the order at issue in this case.[4] Subsequently, defendant filed a motion for adoption of defendant's proposed judgment entry and for a stay of execution pending the resolution of his counterclaim. In his motion, defendant argued that the entry should not contain the language "there is no just reason for delay" because his counterclaim was still pending, and the judgment should be stayed until the counterclaim was resolved.

Three weeks later, defendant filed a motion requesting that the trial court add Michael H. Anderson and Scherer Properties, Inc. as additional parties. However, the trial court overruled defendant's motions. Additionally, the trial court sustained plaintiff's motion to strike the counterclaim, the fifth defense, and the motion to add a party-defendant.

---

3. The fifth defense in defendant's answer reads as follows:

"9. The note attached to the Complaint was given by Defendant as part of the purchase price for the residence located at 5622 Riverside Drive.

"10. The additional consideration for the transaction included $1,300,000 in cash; the transfer of 250 shares of stock in Jefferson Savings Bank to Michael H. Anderson; an agreement to sell real property owned by Scherer Properties, Inc. and located at 5342 Hawthornden Court, Dublin, Ohio 43017 to JoAnn and Michael H. Anderson; and Mr. Anderson's agreement to serve as President and Chief Executive Officer of Jefferson Savings Bank.

"11. Except as stated herein, there is no additional consideration for the contract.

"12. Defendant fully performed his obligations under the contract.

"13. In the course of his employment as President and Chief Executive Officer of Jefferson Savings Bank, Michael H. Anderson grossly mismanaged Jefferson Savings Bank.

"14. As a result of Michael H. Anderson's grossly negligent mismanagement, there has been a failure of consideration under the contract."

4. The returns from the other banks indicate that they were not in possession of any of defendant's property.

On February 2, 1994, an entry and order for distribution of the funds which were garnished from the Delaware County Bank was filed. Defendant is now appealing from that order.

By the assignment of error, defendant contends that the trial court erred in ordering execution on one of plaintiff's claims prior to a final determination of the entire action as to all parties. In order to raise the issue of the judgment containing the Civ.R. 54(B) language, defendant should have directly appealed from the judgment against him awarding plaintiff $360,385.19. The Supreme Court of Ohio has stated in the syllabus of *Whitaker–Merrell v. Geupel Co.* (1972), 29 Ohio St.2d 184, 58 O.O.2d 399, 280 N.E.2d 922, that an express determination that there is no just reason for delay is reviewable, as well as any error in granting the judgment. The syllabus provides:

"A trial court is authorized to grant final summary judgment upon the whole case, as to fewer than all of the claims or parties in multi-party or multi-claim actions, only *upon an express determination that there is no just reason for delay* until judgment is granted as to all the claims and parties. In that event, *the judgment is reviewable upon the determination of no just reason for delay,* as well as for error in the granting of judgment; otherwise, the judgment is not final and not reviewable." (Emphasis added.) See, also, *State ex rel. Jacobs v. Municipal Court* (1972), 30 Ohio St.2d 239, 59 O.O.2d 298, 284 N.E.2d 584.

Civ.R. 54(B) provides in pertinent part:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim * * * the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

In order to raise the issue that the partial judgment should not have immediate effect, defendant should have appealed that judgment to contest the Civ.R. 54(B) finding of no just reason for delay even if he did not contest the finding that he owed the money amount for which the judgment was entered.[5] An appeal at this time would be untimely.

---

5. Defendant admitted in his answer that he had executed and delivered the note to plaintiff.

Defendant is now appealing only the execution order and argues that the syllabus rule in *Marion Prod. Credit Assn. v. Cochran* (1988), 40 Ohio St.3d 265, 533 N.E.2d 325, controls this situation. In the first paragraph of that syllabus, the Supreme Court of Ohio stated:

"In an action upon a note secured by a mortgage, the defendant is entitled to interpose all counterclaims and defenses he may have against the creditor. In this regard, trial courts are imbued with authority to hold separate trials upon 'any claim, cross-claim, counterclaim, or third-party claim * * *.' Civ.R. 42(B). However, whenever the court orders such separate trials on separate issues, the execution of all judgments determined upon a single claim should be stayed pending a final determination of the entire action as to all parties. (Civ.R. 13[I] read in conjunction with Civ.R. 54[B], 56[D] and 62[E].)"

Although the trial court's judgment containing the Civ.R. 54(B) language is inconsistent with the *Marion Production* syllabus rule with respect to the Civ.R. 54(B) findings, defendant did not appeal that judgment, and it is now a final judgment. Therefore, that issue is not before us on appeal. Rather, the issue is the application of Civ.R. 62(E) and whether plaintiff should be permitted to execute upon that final judgment.

Pursuant to Civ.R. 62(E), in the case of a final judgment with Civ.R. 54(B) findings, the trial court has discretion to stay enforcement or collection of that judgment as follows:

"When a court has ordered a final judgment under the conditions stated in Rule 54(B), the court may stay enforcement of that judgment until the entering of a subsequent judgment or judgments and may prescribe such conditions as are necessary to secure the benefit thereof to the party in whose favor the judgment is entered."

The standard for a stay under Civ.R. 62(E) is more strict than the standard to delay final judgment by omitting Civ.R. 54(B) language in a partial judgment. Under Civ.R. 54(B), the party seeking finality must show that "no just reason for delay" exists in order to make an otherwise interlocutory partial-relief order into a final judgment. In this case, the trial court found that standard to have been met and included "no just reason for delay" language despite the fact that other claims in the case were still pending. However, pursuant to Civ.R. 62(E), a party seeking a stay of a partial judgment with Civ.R. 54(B) findings must demonstrate that substantial harm will occur if execution is permitted upon the judgment prior to the determination of the remaining claims. The party seeking finality has the burden to demonstrate the Civ.R. 54(B) findings, but the party seeking the stay has the burden under Civ.R. 62(E) to demonstrate a reason execution should be stayed despite the Civ.R. 54(B) findings.

In this case, defendant has demonstrated substantial harm in the abstract if the entire judgment were at issue; however, he has not demonstrated prejudice from the execution of the specific order at issue. The judgment amount is $360,385.19, plus interest. The distribution order is in the amount of only $27,841.85, a small fraction of the total judgment. Defendant's counterclaim (dismissed by an interlocutory order), contends that plaintiff and her husband owe defendant or Scherer Properties, Inc. $144,386.12, plus interest. Not only is the distribution order merely a small percentage of the total judgment against defendant, but it is much less than the difference between the amount defendant owes plaintiff and the amount that defendant contends plaintiff owes him. Therefore, from the pleadings, there is nothing to suggest that defendant does not owe plaintiff at least the $27,841.85 garnished and ordered paid. Thus, he has not demonstrated prejudice in the enforcement of the distribution order even if there be an abuse of discretion by the trial court in denying the stay as to part of the judgment.

If the distribution order had been in an amount equal to the entire judgment or a substantial portion of the judgment, defendant may have been able to demonstrate prejudice. In *Marion Production*, 40 Ohio St.3d at 270, 533 N.E.2d at 330, the court stated: "And where the mortgagor's damages ultimately exceed those of the mortgagee, the mortgagee's right to recover the premises is defeated." Since the amount, if any, that plaintiff and her husband owe defendant (or his corporation) has not yet been determined, defendant arguably would be prejudiced by an order enforcing the entire judgment or a substantial portion of it because that amount may exceed the total amount he is ultimately liable for paying to plaintiff.

However, in this case, the distribution order is for a small percentage of the total judgment against defendant, and it is even less than the difference between the amount of the judgment and the amount defendant claims (by his counterclaim) that plaintiff and her husband owe him or Scherer Properties, Inc. Therefore, he has demonstrated no prejudice to him by the appealed order, even if the trial court would abuse its discretion in failing to stay the execution of the remainder of the distribution order. Consequently, defendant's assignment of error is not well taken.

For the foregoing reasons, defendant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed. Costs are assessed against defendant.

*Judgment affirmed.*

Bowman and Tyack, JJ., concur.