OPINION AND JOURNAL ENTRY
The present appeal arises from the decision of the Mahoning County Court of Common Pleas denying Little Forest Nursing Center, Inc.'s and Miller Memorial Nursing Center, Inc.'s joint motion to vacate judgment and motion for stay of execution of judgment. For the reasons set forth below, the present appeal is dismissed for lack of a final appealable order and this matter is remanded for further proceedings consistent with this court's opinion herein.
 I. FACTS
The present matter addresses two of eight cases which were consolidated at the trial court level due to the related nature of the claims contained therein. The two cases at issue in the case at bar involve simple actions on accounts originally filed on December 27, 1996 by Conva Med, Inc. ("appellee") against Little Forest Nursing Center, Inc. and Miller Memorial Nursing Center, Inc. (collectively referred to as "appellants"). The remaining six cases which are not at issue in the present appeal involved actions on accounts filed by various additional plaintiffs against appellants.
In response to appellee's complaints, appellants filed an answer and counterclaim on March 13, 1997. Additionally, appellants filed a third party complaint against Robert Vansickle alleging that in the event they were held liable for any amounts of money on the accounts, they were entitled to recovery from Vansickle. Following the completion of various pleading and discovery matters as well as the formal consolidation of all eight cases, appellee filed a motion for summary judgment on August 24, 1998. In its motion, appellee argued that it was entitled to judgment on the accounts as a matter of law as said accounts were not contested by appellants. In their motion in opposition to summary judgment, appellants asserted that various issues raised in their answer and counterclaim created questions of material fact which would preclude a grant of summary judgment.
Despite appellants' protestations, the trial court indicated via its December 9, 1998 judgment entry that appellee was entitled to judgment on the accounts as a matter of law. As to the issue of appellants' counterclaims, the trial court held that such were precluded by the doctrine of res judicata as they had been addressed in prior litigation. In response to the trial court's decision, appellants filed a motion to vacate on December 15, 1998. Additionally, a motion for stay of execution of the judgment was filed on December 16, 1998. The basis for said motion was that the trial court's December 9, 1998 order was interlocutory in nature as it did not dispose of appellants' third party complaint against Vansickle and it did not contain the necessary Civ.R. 54 (B) language. At this time appellee took steps to initiate garnishment proceedings in order to collect on the judgments.
Upon receiving responses from appellee, the trial court overruled both of appellants' motions. It is from this decision which appellants filed a notice of appeal on January 13, 1999. Appellants raise two assignments of error on appeal.
 II. ASSIGNNENTS OF ERROR
Appellants' first assignment of error reads as follows:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS IN OVERRULING THE MOTION FOR STAY OF EXECUTION."
Appellants' second assignment of error reads:
 "THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANTS' MOTION TO VACATE JUDGMENT."
Prior to addressing the merits of appellants' assignments of error, it must first be determined whether the entry appealed from constituted a final appealable order so as to vest this court with jurisdiction. While we initially stated in our April 14, 1999 journal entry that our review would be limited to those matters set forth in the trial court's January 7, 1999 order, it is necessary that we look to the court's December 9, 1998 order to determine the issue of appealability.
A. APPLICABLE LAW AS TO FINAL APPEALABLE ORDERS
It is well settled law that" [a]n order which adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ.R. 54 (B) in order to be final and appealable." Second Natl. Bank of Warren v. Liguore
(Aug. 26, 1998), Mahoning App. No. 96-CA-243, unreported citingNoble v. Colwell (1989), 44 Ohio St.3d 92, 96. See, also, Stateex rel. A D Limited Partnership v. Keefe (1996), 77 Ohio St.3d 50,56; Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86. The present case particularly involves Civ.R. 54 (B) which states as follows:
 "(B) Judgment upon multiple claims or involving multiple parties
 When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis added).
The general purpose of Civ.R. 54 (B) has been determined to be the avoidance of piecemeal litigation. Noble, supra; Alexander v.Buckeye Pipe Line Co. (1977), 49 Ohio St.2d 158, 160. Based upon this premise, this court has previously held that "a lawsuit that disposes [of] only one prong of a lawsuit * * * does not ipsofacto make the matter a final appealable order until the remaining prong or prongs are also terminated * * * in the absence of the `no just reason for delay language' set forth in Civ.R. 54 (B)." Davila v. Courtney (Oct. 20, 1999), Columbiana App. No. 98-CO-44, unreported. Other courts have arrived at similar conclusions.
In Renner's Welding and Fabrication, Inc. v. Chrysler MotorCorp. (1996), 117 Ohio App.3d 61, the Fourth District Court of Appeals held that in cases where fewer than all the claims or rights and liabilities of fewer than all of the parties are adjudicated, the use of the "no just reason for delay" language is a mandatory requirement. Id. at 65. Absent this language, the order is still subject to revision and cannot be held to be either final or appealable. Id. citing Noble, supra; Jarrett v.Dayton Osteopathic Hosp., Inc. (1985), 20 Ohio St.3d 77, 78. The Tenth District Court of Appeals made a similar determination inAnderson v. Scherer (1994), 97 Ohio App.3d 753 when it stated as follows:
 "A trial court is authorized to grant final summary judgment upon the whole case, as to fewer than all of the claims or parties in multi-party or multi-claim actions, only upon an express determination that there is no just reason for delay until judgment is granted as to all the claims and parties.." Id. at 757.
 B. ANALYSIS
A review of the trial court's original December 9, 1998 judgment entry reveals that such does not constitute a final appealable order as it does not comply with the dictates of Civ.R. 54 (B). It is uncontroverted that the underlying action involves multiple parties and multiple claims. As appellants properly indicated in their December 16, 1998 motion for stay of execution of judgment, the court's December 9, 1998 entry failed to dispose of appellants' third party complaint against Robert Vansickle. While the court did make reference to appellee's entitlement to judgment on the accounts as well as to judgment regarding the counterclaims and affirmative defenses, the entry is devoid of any reference to the third party complaint or the third party defendant. Furthermore, the trial court's entry does not contain the "no just reason for delay" language which is mandated by Civ.R. 54 (B). Therefore, the trial court's December 9, 1998 entry does not constitute a final appealable order. The failure to resolve one aspect of the case in a multi-party, multi-claim lawsuit in the absence of the "no just reason for delay" language leads us to the conclusion that the order was neither final nor appealable. Noble, Keefe, Chef Italiano Corp., and Davila, supra.
While appellee would have this court hold that the trial court impliedly decided the third party complaint, we are not in a position to do so. Appellee asserts that the claims set forth in the third party complaint are similar to those alleged in appellants' counterclaims. As such, when the trial court barred the counterclaims on the basis of res judicata it similarly barred the claims alleged in the third party complaint. However, it is a fundamental axiom of Ohio jurisprudence that a court of record speaks only through its journal entries. Gaskins v.Shiplevy (1996), 76 Ohio St.3d 380, 382 citing State ex rel.Fogle v. Steiner (1995), 74 Ohio St.3d 158, 163. As such, this court is not in a position to read matters into a trial court's judgment entry which are not present on its face. A review of the trial court's entry does not reveal any reference to the third party complaint or the third party defendant. The trial court solely makes reference to the Plaintiff (appellee), the Plaintiff's claims and appellants' counterclaims and affirmative defenses. Having failed to dispose of the third party complaint and absent the proper Civ.R. 54 (B) language, the trial court maintained jurisdiction of the case subsequent to its December 9, 1998 decision.
Due to the fact that the trial court's December 9, 1998 judgment entry did not present the opportunity for an appeal, it must also be held that an appeal did not lie from the trial court's January 7, 1999 judgment entry overruling appellants' motion to vacate. Pursuant to Civ.R. 60 (B), "the court may relieve a party or his legal representative from a final
judgment, order or proceeding for the following reasons: * * *." (Emphasis added). It logically follows from the language of the rule, that a motion to vacate is improper in the event a trial court is not presented with a final judgment. Since the trial court maintained jurisdiction over the case following its December 9, 1998 entry, the court was free to revisit its decision at any point in time until all parties and all claims had been addressed. Thus, the motion to vacate could not create a final judgment where none previously existed.
Having held that there was no final order from which to file an appeal, this court further notes that any execution upon the trial court's judgment must be stayed until a final judgment has been made. As the Second District Court of Appeals appropriately stated in State ex rel. Electrolert, Inc. v. Lindeman (1994),99 Ohio App.3d 154, "[o]ne cannot execute on a claim absent a final judgment as to that claim." Id. at 99-100 citing Roach v. Roach
(1956), 164 Ohio St. 587; Marion Prod. Credit Assn. v. Cochran
(1988), 40 Ohio St.3d 265. So long as the trial court maintains the ability to revise its order due to pending claims in the case, appellee is precluded from executing on the judgment. Furthermore, it would be inappropriate to permit execution on the judgment when appellants third party complaint alleges that a third party is liable for at least a portion of the judgment which was awarded to appellee.
For the foregoing reasons, the present appeal is dismissed due to the lack of a final appealable order. This cause is remanded to the trial court with instructions to proceed with the adjudication of appellants' third party complaint.
 _________________________ JUDGE JOSEPH J. VUKOVICH
 JUDGE EDWARD A. COX _________________________ JUDGE GENE DONOFRIO