OPINION
Plaintiff-appellant, Dolly Snyder, appeals a decision of the Harrison County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Robert Stewart, d.b.a. Sunnydale Mining.
On January 12, 1990, appellant and her late husband, Ross Snyder, entered into an "Option-Lease Agreement" with appellee. The agreement allowed appellee to mine coal from a portion of appellant's property. In exchange, appellee agreed to pay appellant a percentage of the sale price of the coal mined.
On November 17, 1993, appellant filed suit against appellee alleging that appellee acted beyond the scope of the parties' agreement by constructing a sediment pond on appellant's property for use in the mining and removal of coal from adjoining properties. Appellant also alleged that appellee had destroyed fences on her property forcing her to liquidate a herd of cattle and abandon a breeding program.
On November 30, 1993, appellee answered asserting various defenses and setting forth two counterclaims. Appellee alleged that he had undertook and completed reclamation of approximately six acres of appellant's property unaffected by mining operations for which appellant had not compensated him. Appellee also alleged that appellant continues to use reclaimed land for pasturage and crop harvest, exposing him to potential liability for violation of Ohio Department of Natural Resources rules and regulations. Appellant responded to appellee's counterclaims on December 2, 1993, setting forth denials and various defenses.
Subsequently, appellee filed a third-party complaint joining appellant's son, Martin Snyder, as a third-party defendant. Appellee alleged that the sediment pond had been constructed under the supervision and direction of Martin Snyder. Appellee also alleged that Martin Snyder was the party responsible for the removal of the fences on appellant's property.
Following the completion of various pleading and discovery matters, appellee filed a motion for summary judgment on March 12, 1999. Appellant responded with a motion in opposition on April 1, 1999.
On April 28, 1999, the trial court filed a judgment entry granting appellee's summary judgment motion, finding that "there is no genuine issue as to any material fact and that defendant and third-party plaintiff is entitled to judgment as a matter of law." The court ordered "that the complaint of plaintiff be and hereby is dismissed with prejudice and defendant and third-party plaintiff Robert Stewart granted summary judgment as prayed." Tt is from this decision which appellant filed a notice of appeal on May 25, 1999. On May 28, 1999, appellee filed a notice of dismissal of his third-party complaint. The entry does not indicate a disposition regarding appellee's counterclaims against appellant.
Appellant's sole assignment of error states:
 "Appellant appeals from the Court of Common Pleas of Harrison County sustaining the motion of summary judgment of Defendant and
 Third Party Plaintiff, Robert Stewart by entry filed April 28, 1999."
Appellant presents the following issue for review:
 "The sole issue presented for review is whether the trial court erred in sustaining the Defendant's/Third Party Plaintiff's motion for summary judgment by concluding that the record contains no evidence of a genuine issue of material fact for determination by a jury, as revealed in the Court's entry dated April 28, 1999."
Prior to addressing the merits of appellant's assignment of error, it must first be determined whether the entry appealed from constitutes a final appealable order so as to vest this court with jurisdiction.
It is well settled law that "[a]n order which adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ.R. 54 (B) in order to be final and appealable." Second Natl. Bank of Warren v. Liguore
(Aug. 26, 1998), Mahoning App. No. 96 CA 243, unreported, 1998 WL 574432 at *2 citing Noble v. Colwell (1989), 44 Ohio St.3d 92,96. See, also, State ex rel. A D Limited Partnership v.Keefe (1996), 77 Ohio St.3d 50, 56; Chef Italiano Corp. v. KentState Univ. (1989), 44 Ohio St.3d 86. The present case particularly involves Civ.R. 54 (B) which states as follows:
 "(B) Judgment upon multiple claims or involving multiple parties
 "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis added.)
In Phoenix Office Supply Co. v. Little Forest Nursing Center
(Feb. 24, 2000), Mahoning App. No. 99 CA 15, unreported, 2000 WL 246593, this court noted:
 "The general purpose of Civ.R. 54 (B) has been determined to be the avoidance of piecemeal litigation. [Noble v. Colwell
(1989), 44 Ohio St.3d 92]; Alexander v. Buckeye Pipe Line Co. (1977), 49 Ohio St.2d 158, 160. Based upon this premise, this court has previously held that "a lawsuit that disposes [of] only one prong of a lawsuit * * * does not ipso facto make the matter a final appealable order until the remaining prong or prongs are also terminated * * * in the absence of the "no just reason for delay language" set forth in Civ.R. 54 (B).' Davila v. Courtney (Oct. 20, 1999), Columbiana App. No. 98-CO-44, unreported. Other courts have arrived at similar conclusions.
 "In Renner's Welding and Fabrication, Inc. v. Chrysler Motor Corp. (1996), 117 Ohio App.3d 61, the Fourth District Court of Appeals held that in cases where fewer than all the claims or rights and liabilities of fewer than all of the parties are adjudicated, the use of the "no just reason for delay' language is a mandatory requirement. Id. at 65. Absent this language, the order is still subject to revision and cannot be held to be either final or appealable. Id. citing Noble, supra; Jarrett v. Dayton Osteopathic Hosp., Inc. (1985), 20 Ohio St.3d 77, 78. The Tenth District Court of Appeals made a similar determination in Anderson v. Scherer
(1994), 97 Ohio App.3d 753 when it stated as follows:
 "`A trial court is authorized to grant final summary judgment upon the whole case, as to fewer than all of the claims or parties in multi-party or multi-claim actions, only upon an express determination that there is no just reason for delay until judgment is granted as to all the claims and parties.' Id. at 757."
Turning to the case at hand, the record clearly indicates that appellee filed two counterclaims at the time of filing his answer. Those claims seek remuneration for reclamation of a six-acre portion of appellant's land. The trial court's April 28, 1999 judgment entry makes no reference to these counterclaims. A thorough review of the record reveals no other entry making a disposition of those claims. Furthermore, the court's entry does not contain the "no just reason for delay" language which is mandated by Civ.R. 54 (B). Therefore, the court's April 28, 1999 entry does not constitute a final appealable order.
For the foregoing reasons, the present appeal is dismissed due to the lack of a final appealable order. This cause is remanded to the trial court with instructions to proceed with the adjudication of appellee's counterclaims.
Cox, J., concurs, Waite, J., concurs.
 ____________________________ GENE DONOFRIO JUDGE