The STATE ex rel. MYOCARE NURSING HOME, INC. et al.

v.

CUYAHOGA COUNTY COURT OF COMMON PLEAS.

[Cite as State ex rel. Myocare Nursing Home, Inc. v. Cuyahoga Cty. Court of Common Pleas (2001), 145 Ohio App.3d 22.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 78795.

Decided July 10, 2001.

*Kohrman, Jackson & Krantz, P.L.L., Jonathan M. Yarger* and *Bonnie S. Finley,* for relators.

*Kenneth J. Fisher Co., L.P.A.,* and *Kenneth J. Fisher,* for respondent.

*Arter & Hdden L.L.P.,* and *Hugh M. Stanley, Jr.,* for defendants.

KENNETH A. ROCCO, Judge.

■ On November 6, 2000, the relators[1] commenced this mandamus action against the respondent, the Cuyahoga County Common Pleas Court, to compel the court to cease execution of an order and to restore the Health Care Companies and the individual relators to their pre-execution status. The respondent filed a brief in opposition, which this court recognized as a motion to dismiss. Subsequently, the relators filed a brief in opposition and the respondent filed a reply brief. For the following reasons, this court grants the motion to dismiss.

Joseph E. Coury is the father of the individual relators and Elias Coury. In the early 1990s, Joseph E. Coury owned the Health Care Companies and transferred the companies' stock to his children and their spouses. By 1994, he was no longer a shareholder, and the children were running the companies.

However, by the late 1990s, the children were having disputes about running the companies. On August 24, 1999, Joseph E. Coury produced closed corporation agreements for the Health Care Companies that purported to grant Joseph E. Coury the right to unilaterally control the ownership and operation of the companies. In April 2000, the relators filed suit against Joseph E. Coury and Elias Coury (hereinafter "Joseph E. Coury") to declare the closed corporation agreements invalid and unenforceable, for injunctive relief, to prevent the enforcement of the agreements by estoppel, and for reformation and damages. Joseph E. Coury counterclaimed to declare the agreements valid and enforceable and for redemption of shares.

On October 26, 2000, on cross-motions for summary judgment, the trial court declared the agreements valid but did not address the other issues in the case. On the night of October 27, 2000, Joseph E. Coury executed on the partial summary judgment and reasserted control over the Health Care Companies.

The relators quickly moved for contempt and injunctive relief; however, the trial court never granted those motions, and Joseph E. Coury remains in control of the Health Care Companies. Nevertheless, in an entry dated November 9,

---

1. There are two sets of relators: "The Health Care Companies," consisting of Myocare Nursing Home, Inc., Aristocrat West Nursing Home Corp., Crestmont Nursing Home North Corp., Pharmed Corp., and Midwest Medical Supply Corp., and the "Individual Relators," consisting of Anthony M. Coury, David J. Coury, Deborah McDonald, Jane Abou–Chedid, Bernadette Faddoul, and Mary Cooper. The court notes that the relators did not include the names and addresses of all the parties in the caption of the complaint as required by Civ.R. 10. Such omission may be grounds for dismissal. *State ex rel. Sherrills v. State* (2001), 91 Ohio St.3d 133, 742 N.E.2d 651.

2000, and journalized December 4, 2000, the trial court entered final judgment on Joseph E. Coury's motion for partial summary judgment by determining that there was no just reason for delay under Civ.R. 54(B) with regard to the issue of the validity of only the close corporation agreements.[2]

The relators argue that the trial court must prohibit Joseph E. Coury from executing on the judgment that the close corporation agreements are valid because execution is not permitted on a non-final judgment, nor is execution permitted until the trial court has disposed of all of the claims. They rely on *Marion Production Credit Assn. v. Cochran* (1988), 40 Ohio St.3d 265, 533 N.E.2d 325; *Phoenix Office & Supply Co. v. Little Forest Nursing Ctr.* (Feb. 24, 2000), Mahoning App. No. 99CA15, unreported, 2000 WL 246593; and *Nwabara v. Willacy* (Apr. 17, 1997), Cuyahoga App. No. 71122, unreported, 1997 WL 186842. Thus, because the law is so clear that execution may not be had on a non-final order, the relators assert that the respondent has a duty enforceable in mandamus to prohibit further execution on the order and return the parties to their status before Joseph E. Coury enforced the judgment.

The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus* (1987), 33 Ohio St.3d 118, 515 N.E.2d 914. Furthermore, mandamus is not a substitute for appeal. *State ex rel. Keenan v. Calabrese* (1994), 69 Ohio St.3d 176, 631 N.E.2d 119; *State ex rel. Daggett v. Gessaman* (1973), 34 Ohio St.2d 55, 63 O.O.2d 88, 295 N.E.2d 659; and *State ex rel. Pressley v. Indus. Comm.* (1967), 11 Ohio St.2d 141, 40 O.O.2d 141, 228 N.E.2d 631, paragraph three of the syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. *State ex rel. Jerninghan v. Gaughan* (Sept. 26, 1994), Cuyahoga App. No. 67787, unreported. Furthermore, if the relator had an adequate remedy, regardless of whether it were used, relief in mandamus is precluded. *State ex rel. Tran v. McGrath* (1997), 78 Ohio St.3d 45, 676 N.E.2d 108; and *State ex rel. Boardwalk Shopping Ctr., Inc. v. Court of Appeals for*

---

**2.** The relators, on November 22, 2000, appealed the granting of Joseph E. Coury's partial summary judgment. However, on November 28, 2000, this court dismissed that appeal for lack of a final, appealable order. *Myocare Nursing Home, Inc. v. Fifth Third Bank* (Nov. 28, 2000), Cuyahoga App. No. 78882, unreported. On December 28, 2000, the relators appealed the then-final judgment on the validity of the close corporation agreements. *Myocare Nursing Home, Inc. v. Fifth Third Bank*, Cuyahoga App. No. 79045, unreported, 2001 WL 1398428. That appeal remains pending. On May 4, 2001, the trial court stayed the underlying case and all pending motions because the case was on appeal.

*Cuyahoga Cty.* (1990), 56 Ohio St.3d 33, 564 N.E.2d 86. Moreover, mandamus is an extraordinary remedy, which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. *State ex rel. Taylor v. Glasser* (1977), 50 Ohio St.2d 165, 4 O.O.3d 367, 364 N.E.2d 1; *State ex rel. Shafer v. Ohio Turnpike Comm.* (1953), 159 Ohio St. 581, 50 O.O. 465, 113 N.E.2d 14; *State ex rel. Connole v. Cleveland Bd. of Edn.* (1993), 87 Ohio App.3d 43, 621 N.E.2d 850; and *State ex rel. Dayton–Oakwood Press v. Dissinger* (1940), 32 Ohio Law Abs. 308, 1940 WL 2954.

The relators' position is not well taken. The determination of no just reason for delay pursuant to Civ.R. 54(B) nullifies the relators' strongest argument. The relators emphasized the lack of Civ.R. 54(B) language in their petition to establish that the October 26, 2000 order was interlocutory and execution was prohibited.

When the respondent made the 54(B) determination, the issue of whether to prohibit execution then became a matter within the judge's discretion. Civ.R. 62(E) provides:

"When a court has ordered a final judgment under the conditions stated in Rule 54(B), the court may stay enforcement of that judgment until the entering of a subsequent judgment or judgments and may prescribe such conditions as are necessary to secure the benefit thereof to the party in whose favor the judgment is entered."

Thus, the Civil Rules allow a judge to issue execution or to stay execution of judgment that has been rendered final through Civ.R. 54(B), as in this case. Additionally, the court in *State ex rel. Electrolert, Inc. v. Lindeman* (1994), 99 Ohio App.3d 154, 650 N.E.2d 137, indicated that orders in aid of execution of an interlocutory judgment may issue once the judgment becomes final by being certified as such pursuant to Civ.R. 54(B).

Similarly, relators' second argument, that execution may not issue until the trial court has disposed of all pending claims, is not well taken. Although *Marion Production* offers some support for that proposition, Civ.R. 62(E), *Lindeman,* and *Anderson v. Scherer* (1994), 97 Ohio App.3d 753, 647 N.E.2d 545, limit that case to similar facts in which the value of the counterclaim may exceed the value of the judgment or, at the very least, when the value of the execution property exceeds the difference between the value of the judgment and the value of the counterclaim. *Anderson* rejected the *Marion Production* principle that execution must necessarily await the resolution of all other pending claims and reaffirmed the principle that execution may issue upon a judgment rendered final under a Civ.R. 54(B) determination. The court ruled:

"However, pursuant to Civ.R. 62(E), a party seeking a stay of a partial judgment with Civ.R. 54(B) findings must demonstrate that substantial harm will

occur if execution is permitted upon the judgment prior to the determination of the remaining claims. * * * [T]he party seeking the stay has the burden under Civ.R. 62(E) to demonstrate a reason execution should be stayed despite the Civ.R. 54(B) findings." 97 Ohio App.3d at 758, 647 N.E.2d at 549.

Because mandamus may not interfere with judicial discretion and because the issue of execution of a judgment certified as final under Civ.R. 54(B) comes within the discretion of the judge, mandamus will not lie in this case. At the very least, it is not clear that the respondent must prohibit execution, and without that clarity, mandamus will not lie.

■ Furthermore, the relators have an adequate remedy at law through appeal and the seeking of a stay under App.R. 7. Indeed, the relators conceded as much on page 10 of their initial petition for mandamus when they stated that without the issuance of a final, appealable order by the trial court, they could "not seek relief from this Court through an appeal and a motion for stay of execution pursuant to Rule 7 * * *."

Accordingly, the petition for writ of mandamus is not well taken and this court grants the motion to dismiss. Relators to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

*Motion to dismiss granted.*

ANN DYKE, A.J., and TIMOTHY E. MCMONAGLE, J., concur.