OPINION
{¶ 1} This matter comes for consideration upon the record in the trial court and the parties' briefs. Appellant Bruce Wade appeals the decision of the Harrison County Court of Common Pleas denying his motion to vacate a default judgment in favor of Appellee Chester Thompson. The issue we have been asked to decide is whether the trial court abused its discretion by finding the neglect of Wade's counsel to be inexcusable. However, because the judgment appealed from is not a final appealable order, this court does not have jurisdiction to address the merits of this appeal. Therefore, we dismiss this appeal for lack of a final appealable order.
 {¶ 2} In the underlying lawsuit, Linda Dunlap filed a complaint against Chester Thompson for breach of contract and specific performance for failure to perform on a contract for the purchase of real estate. Dunlap alleged Thompson was the winning bidder at a real estate auction and was therefore obligated to purchase the property. In response, Thompson asserted he had entered into the contract as a result of mistaken belief there existed a reasonable way of access to the property when there was in fact no such access.
 {¶ 3} In a third-party complaint against Wade and five other defendants, Thompson claimed he had outbid Wade for the property at the auction. Both Wade and Lou Sneddon were owners of property adjoining the property sold at the auction. The adjoining property contained a gravel roadway and a bridge that could have been used to access the property sold at the auction. Because of his anger over being outbid, Thompson claims Wade received permission from Sneddon to disassemble the bridge on the adjoining property and then proceeded to disassemble it.
 {¶ 4} In his third-party complaint, Thompson alleged Wade had interfered with his contractual relationship with Dunlap. As relief, Thompson sought both compensatory and punitive damages and requested that the court grant a permanent easement over Wade's property. Dunlap then filed her own complaint against Wade and the other third-party defendants requesting similar relief. Thompson moved for default judgment against Wade and the five other third-party defendants. On March 16, 2001, the trial court granted the motion without conducting a hearing. In its order, the trial court awarded Thompson $10,000 in excess of compensatory damages, granted the permanent easement, and ordered Wade to reconstruct the bridge within thirty days. However, the trial court elected not to rule on the issue of punitive damages or the exact amount of compensatory damages and set the matter for another hearing. Notably, the trial court did not include the language "there is no just reason for delay"
 {¶ 5} Dunlap likewise filed a motion for default judgment against Wade which the trial court granted, and awarded Dunlap $60,000 in compensatory damages and $2,000 in punitive damages in the form of attorney's fees. The court then declared that the date for trial in the matter would remain set as to Dunlap and Thompson. Again, the trial court failed to include the language "there is no just reason for delay."
 {¶ 6} The trial court scheduled a hearing on damages for May 9, 2001. On May 8, 2001, Wade filed a motion to vacate the default judgment granted in favor of Thompson. In addition to the motion to vacate, Wade moved for a continuance of the damages hearing so that an evidentiary hearing could be held on his motion to vacate. The trial court denied both Wade's motion to vacate the default judgment and his motion for a continuance.
 {¶ 7} The trial court conducted a hearing on damages and granted compensatory damages to Thompson in the amount of $9,405.10 and punitive damages in the amount of $10,000. Significantly, this order, as had the two prior, did not contain the language "no just reason for delay." It is from this judgment entry Wade now appeals.
 {¶ 8} As his sole assignment of error, Wade asserts:
 {¶ 9} "The trial court erred in overruling the Appellant's request to vacate the prior judgment of March 16, 2001, in the Appellant's request for an evidentiary (sic) on the same, in that said rulings were an abuse of discretion."
 {¶ 10} Our initial inquiry is whether this appeal was taken from a final appealable order. It is well settled law that "[a]n order which adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ.R. 54(B) in order to be final and appealable."Second Natl. Bank of Warren v. Liguore (Aug. 26, 1998), 7th Dist. No. 96-CA-243, citing Noble v. Colwell (1989), 44 Ohio St.3d 92, 96. See, also, Phoenix Office Supply Co. v. Little Forest Nursing Center
(Feb. 24, 2000), 7th Dist. No. 99 CA 15, State ex rel. A D LimitedPartnership v. Keefe (1996), 77 Ohio St.3d 50, 56; Chef Italiano Corp.v. Kent State Univ. (1989), 44 Ohio St.3d 86.
 {¶ 11} The present case particularly involves Civ.R. 54(B) which states as follows:
 {¶ 12} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 13} The general purpose of Civ.R. 54(B) has been determined to be the avoidance of piecemeal litigation. Noble, supra; Alexander v.Buckeye Pipe Line Co. (1977), 49 Ohio St.2d 158, 160. Based upon this premise, this court has previously held that "a lawsuit that disposes [of] only one prong of a lawsuit * * * does not ipso facto make the matter a final appealable order until the remaining prong or prongs are also terminated * * * in the absence of the `no just reason for delay language' set forth in Civ.R. 54(B)." Davila v. Courtney (Oct. 20, 1999), 7th Dist. No. 98-CO-44. Other courts have arrived at similar conclusions.
 {¶ 14} In Renner's Welding and Fabrication, Inc. v. Chrysler MotorCorp. (1996), 117 Ohio App.3d 61, the Fourth District Court of Appeals held that in cases where fewer than all the claims or rights and liabilities of fewer than all of the parties are adjudicated, the use of the "no just reason for delay" language is a mandatory requirement. Id. at 65. Absent this language, the order is still subject to revision and cannot be held to be either final or appealable. Id. citing Noble, supra; Jarrett v. Dayton Osteopathic Hosp., Inc. (1985), 20 Ohio St.3d 77,78. The Tenth District Court of Appeals made a similar determination inAnderson v. Scherer (1994), 97 Ohio App.3d 753 when it stated:
 {¶ 15} "A trial court is authorized to grant final summary judgment upon the whole case, as to fewer than all of the claims or parties in multi-party or multi-claim actions, only upon an express determination that there is no just reason for delay until judgment is granted as to all the claims and parties." Id. at 757.
 {¶ 16} A review of the trial court's original November 26, 2001 judgment entry reveals that it does not constitute a final appealable order as it does not comply with the dictates of Civ.R. 54(B). It is clear the underlying action involves multiple parties and multiple claims. Although the trial court had disposed of all the claims pending against Wade, albeit via three separate orders, the claims asserted by Dunlap against Thompson have yet to be addressed. Furthermore, the trial court's entry does not contain the "no just reason for delay" language which is mandated by Civ.R. 54(B). Resolving one aspect of the case in a multi-party, multi-claim lawsuit in the absence of the "no just reason for delay" language leads a reviewing court to the conclusion that the order was neither final nor appealable. Noble, Keefe, Chef ItalianoCorp. and Davila, supra.
 {¶ 17} Therefore, we conclude the trial court's November 26, 2001 entry does not constitute a final appealable order and dismiss this appeal.
Vukovich, P.J., and Waite, J., concurs.