DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the judgment entry and foreclosure decree of the Wood County Court of Common Pleas against appellants, Allan J. Heckathorn, III, Angelita D. Heckathorn, AH Enterprises, Inc. ("AH"), and AD Development Company, Ltd. ("AD"). AD owned a golf course in Perrysburg, Ohio ("the property"), which was leased to AH. AD had executed a mortgage on the property and AH had secured an additional note with property it owned. All the appellants had signed as guarantors of the notes.
 {¶ 2} Appellants defaulted on the notes and, on November 21, 2001, pursuant to the terms of the notes, appellee, Sky Bank-Mid Am Region f/k/a Mid Am Bank ("Sky Bank"), obtained cognovit judgment against appellants, totaling $1,525,135.25, plus interest, and $75,595.49, plus interest. On June 27, 2002, a receiver was appointed by the trial court upon Sky Bank's request. As a result of actions taken by the receiver, appellants sought leave on September 30, 2002, to file a counterclaim and third-party complaint instanter.
 {¶ 3} Appellants asserted that the receiver exceeded the authority granted him by the trial court and was negligent in the duties he erroneously undertook. Specifically, appellants asserted that the receiver was not authorized to manage the golf course operations, but he did. Appellants also asserted that his unauthorized management of the golf course was done negligently and caused damage to the greens and fairways, which appellants asserted would cost "hundreds of thousands of dollars" to repair. Appellants' third-party complaint asserted claims against the receiver personally for negligence, trespass, breach of fiduciary duty, conversion, and against Sky Bank on the basis of lender liability. With respect to Sky Bank, appellants averred that, insofar as Sky Bank sought appointment of an unqualified receiver, it failed to protect and preserve the premises.
 {¶ 4} On January 14, 2003, the trial court granted appellants' request to file a third-party complaint against the receiver and a counterclaim against Sky Bank. The trial court held, however, that the counterclaim was to "be bifurcated from the original cause of action and shall be tried as a separate matter." On the same day, the trial court granted Sky Bank's motion for partial summary judgment on its remaining claims and ordered foreclosure and sale of the property. Although there were remaining issues to be determined, pursuant to Civ.R. 54(B), the trial court found "that there is no just reason for delay in entering the judgment herein." On January 23, 2003, appellants filed a motion to stay the foreclosure proceedings pending the final adjudication of the counterclaim and third-party complaint.
 {¶ 5} Appellants appeal the judgment of the trial court and raise the following sole assignment of error:
 {¶ 6} "The trial court erred by ordering foreclosure on real property even though it permitted the property owners to file a counterclaim against the mortgagee and a third-party complaint against the court-appointed receiver for damage to the mortgaged property so that the counterclaim and crossclaim would not be finally adjudicated before the property is sold."
 {¶ 7} Appellants argue that, pursuant to T. Carroll Enterprise,Inc. v. Hammitt (Oct. 9, 1998), Lucas App. No. L-98-1113, the foreclosure entry is a final appealable order, insofar as it determined the rights of the parties, ordered the sale of the golf course, and found that "there was no just reason for delay." Appellants further argue that the Ohio Supreme Court, as stated in Marion Production Credit Assoc. v. Cochran
(1988), 40 Ohio St.3d 265, paragraph one of the syllabus, does not permit foreclosure while counterclaims remain pending for determination.
 {¶ 8} In Marion Production, the plaintiff sought judgment on three mortgage agreements. Defendants filed counterclaims, asserting that false representations had been made, and disputed the validity of the loan agreements. The trial court ordered foreclosure on the properties prior to adjudicating the merits of the counterclaims. In reversing the trial court, the Ohio Supreme Court held that "it was error to allow the foreclosure and subsequent sale of the mortgaged premises prior to complete disposition of the pending counterclaim." Marion Production at 270. The court held at paragraph one of its syllabus:
 {¶ 9} "In an action upon a note secured by a mortgage, the defendant is entitled to interpose all counterclaims and defenses he may have against the creditor. In this regard, trial courts are imbued with authority to hold separate trials upon `any claim, cross-claim, counterclaim, or third-party claim* * *.' Civ.R. 42(B). However, whenever the court orders such separate trials on separate issues, the execution of all judgments determined upon a single claim should be stayed pending a final determination of the entire action as to all parties. (Civ.R. 13[I] read in conjunction with Civ.R. 54[B], 56[D] and 62[E].)"
 {¶ 10} In rendering its decision, the Ohio Supreme Court stated that, once both claims are determined, "the amount of damages due to the party having the greater injury shall be reduced by the amount of damages suffered by the party having the lesser injury." Id. at 270. The court noted that in foreclosure proceedings, a final judgment determines "the rights of all the parties in the premises sought to be foreclosed upon" and "where the mortgagor's damages ultimately exceed those of the mortgagee, the mortgagee's right to recover the premises is defeated." Id.
 {¶ 11} We, however, find that the holding in Marion Production
cannot be an absolute rule in all cases; otherwise, it would eliminate a trial court's discretion to determine whether to bifurcate a trial, include Civ.R. 54(B) language to allow an interlocutory appeal, or impose a stay pursuant to Civ.R. 62(E). Other courts have stated that the holding in Marion Production is limited to cases with similar facts. SeeAnderson v. Scherer (1994), 97 Ohio App.3d 753, and State ex rel. MyocareNursing Home v. Cuyahoga Cty. Court of Common Pleas (2001),145 Ohio App.3d 22.
 {¶ 12} In declining to apply Marion Production to the facts in its case, the Tenth Appellate District in Anderson held that a trial court has discretion to enter Civ.R. 54(B) findings and to stay enforcement or collection of that judgment pursuant to Civ.R. 62(E). Civ.R. 62(E) states:
 {¶ 13} "When a court has ordered a final judgment under the conditions stated in Rule 54(B), the court may stay enforcement of that judgment until the entering of a subsequent judgment or judgments and may prescribe such conditions as are necessary to secure the benefit thereof to the party in whose favor the judgment is entered."
 {¶ 14} Anderson held that "[t]he standard for a stay under Civ.R. 62(E) is more strict than the standard to delay final judgment by omitting Civ.R. 54(B) language in a partial judgment" and that the party seeking a stay pursuant to Civ.R. 62(E) of a partial judgment, with Civ.R. 54(B) findings, "must demonstrate that substantial harm will occur if execution is permitted upon the judgment prior to the determination of the remaining claims." Anderson, 97 Ohio App.3d at 758. Finding that the amount defendant would be entitled to recover, if he prevailed on his counterclaim, would only be "a small percentage of the total judgment against" him, Anderson held that the defendant did not demonstrate that he would be prejudiced by the trial court's failure to stay the execution of the judgment. Id. at 759. As such, Anderson affirmed the decision of the trial court to execute judgment, despite the pending counterclaim.
 {¶ 15} Similarly, Myocare Nursing Home, 145 Ohio App.3d at 26, held that the application of Marion Production was limited to cases with facts similar to those in Marion Production, to wit, where "the value of the counterclaim may exceed the value of the judgment or, at the very least, when the value of the execution properly exceeds the difference between the value of the judgment and the value of the counterclaim."
 {¶ 16} We find that the facts in this case are distinguishable from those in Marion Production and, therefore, decline to follow its holding. In Marion Production, the defendants disputed the plaintiff's right to foreclose on the property, alleging that false representations had been made at the time of the execution of the notes in question. Appellants in this case, however, do not dispute the validity of the notes upon which Sky Bank foreclosed, or the amount owed pursuant to the notes. In fact, Sky Bank received a cognovit judgment for the amount owed on the notes prior to any counterclaim or third-party complaint being filed by appellants. Clearly, if appellants contested the validity of the notes, sale of the property, prior to the adjudication of their claims, could preclude an adequate remedy, i.e., retention of the property; however, that is not the case herein.
 {¶ 17} Rather than attacking the validity of Sky Bank's claim, as was done in Marion Production, appellants' third-party complaint and counterclaim raised an ancillary matter concerning the amount by which, if any, the value of the property depreciated due to the receiver's alleged actions. Appellants claim that if the property is sold, and they later prevailed on their pending claims, they could "recover damages, but never be made whole by again owning the real estate." We, however, find that there is simply no support in the record that the alleged damages to the property caused by the receiver's actions, if proved, could exceed the amount owed to Sky Bank on the defaulted notes, thereby enabling appellants to retain the property. We therefore find that appellants have failed to establish that they would be substantially harmed by the trial court's enforcement of Sky Bank's judgment against them, prior to the adjudication of their claims. See Anderson, 97 Ohio App.3d at 758.
 {¶ 18} Additionally, we find that, under the circumstances in this case, the trial court did not abuse its discretion in ordering the claims to be bifurcated, or in ordering execution of the judgment. See Sheetsv. Norfolk S. Corp. (1996), 109 Ohio App.3d 278, 288, and Wisintainer v.Elcen Power Strut Co. (1993), 67 Ohio St.3d 352, 355. With respect to a trial court's finding that "there is no just reason for delay," the Ohio Supreme Court held in Wisintainer that `the trial judge makes what is essentially a factual determination — whether an interlocutory appeal is consistent with the interests of sound judicial administration, i.e., whether it leads to judicial economy." Id. at 354. A trial court is granted the discretion to make such a determination because "[t]he trial court can best determine how the court's and the parties' resources may most effectively be utilized." Id. at 355. Wisintainer further held:
 {¶ 19} "In making its factual determination that the interest of sound judicial administration is best served by allowing an immediate appeal, the trial court is entitled to the same presumption of correctness that it is accorded regarding other factual findings. An appellate court should not substitute its judgment for that of the trial court where some competent and credible evidence supports the trial court's factual findings. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77."
 {¶ 20} In light of the fact that, according to appellants, the value of the property was deteriorating due to the receiver's mismanagement, we find that the trial court was well within its discretion to order the sale of the property, despite the fact that appellants' claims had not yet been adjudicated. By ordering execution of the judgment and sale of the property, before more alleged deterioration of the property's value could occur, the trial court, in fact, was appropriately protecting the interests of all the parties by reducing any future alleged damages. See Amu Anu, Inc. v. Solovan (Oct. 5, 2000), Belmont App. No. 00 BA 35. Accordingly, we find that the trial court did not abuse its discretion and that its decision to bifurcate the issues, and find that "there was no just reason for delay," was within the interests of sound judicial administration and economy. SeeWisintainer, supra, at 354.
 {¶ 21} Based on the foregoing, we find appellants' sole assignment of error not well-taken. On consideration whereof, the court finds substantial justice has been done the parties complaining and the judgment of the Wood County Court of Common Pleas is affirmed. Appellants are ordered to pay the court costs of this appeal.
 JUDGMENT AFFIRMED.