**The STATE of Ohio ex rel. ELECTROLERT, INC.**

v.

**LINDEMAN, Judge; Black, Intervenor.**

[Cite as *State ex rel. Electrolert, Inc. v. Lindeman* (1994), 99 Ohio App.3d 154.]

Court of Appeals of Ohio,
Miami County.

No. 94CA59.

Decided Dec. 1, 1994.

*Gary W. Gottschlich,* for Electrolert, Inc.

*John R. Gall,* for Brent J. Black, intervenor.

*Thomas G. Petkewitz,* Miami County Assistant Prosecuting Attorney, for Robert J. Lindeman, Judge.

---

*Per Curiam.*

On November 15, 1994, relator, Electrolert, Inc., filed a verified complaint for a writ of prohibition and/or a writ of mandamus seeking to (1) require respondent, the Honorable Robert J. Lindeman, to vacate all orders, entries and other process issued by the court in case No. 94–110 in aid of execution of an interlocutory cognovit judgment, and (2) prohibit respondent from issuing any further orders in that case in aid of execution of that judgment.

Finding that respondent may have been unlawfully exercising jurisdiction, we issued on November 16, 1994, an alternative writ of prohibition requiring respondent to show cause why the writ should not issue as sought by relator. On November 21, 1994, we granted Brent Black, the plaintiff in case No. 94–110 leave to intervene in this action. The matter is now before us on respondent's answer to the alternative writ and intervenor's motion to dismiss this action. For the following reasons, we conclude that respondent has unlawfully issued orders in aid of execution of an interlocutory cognovit judgment. Therefore, we issue a writ of prohibition enjoining respondent from issuing any further orders in aid of execution of the judgment. Furthermore, as respondent did not have authority to issue orders in aid of execution of the judgment in the first place, we declare all such orders null and without force or effect.

We note at the outset that concurrent with the filing of this original action, relator also filed a notice of appeal. We conclude, however, that relator has appealed an interlocutory judgment not certified pursuant to Civ.R. 54(B). Accordingly, the cognovit judgment is not a "final order" as defined in R.C. 2505.02 and *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 541 N.E.2d 64. Relator's appeal bearing case No. 94CA57 will be dismissed by separate entry.

The underlying action arose as a result of relator's alleged default on a cognovit note. Intervenor filed a complaint in case No. 94–110 seeking judgment against relator because of its default and against the president of Electrolert, Dale T. Smith, who acted as a guarantor of the note. On April 1, 1994, respondent entered judgment against relator for $1,000,000 plus prejudgment interest of $200,000. Relator alleges, and neither respondent nor intervenor denies, that intervenor's separate claim against Dale T. Smith remains unre-

solved. Nor do respondent and intervenor deny relator's allegation that the cognovit judgment was not certified pursuant to Civ.R. 54(B).

Shortly after respondent entered judgment, relator filed a motion for relief from judgment under Civ.R. 60(B) along with a motion for a stay of execution of the judgment. On May 12, 1994, respondent granted the stay but deferred ruling on the motion. Following a two-day hearing on relator's motion, respondent denied the motion and lifted the stay on October 12, 1994. This was followed by a second motion for a stay of the judgment. Shortly thereafter, on November 4, 1994, intervenor filed a motion for summary judgment against Dale T. Smith. Relator then filed an appeal which, as we have noted, is from a non-final order. Respondent granted relator's request for a stay but conditioned that stay on the posting of a bond. When respondent issued orders to aid intervenor in executing the judgment, relator filed the present action.

Both respondent and intervenor essentially make two arguments in support of dismissing this action. First, the parties argue that relator has an adequate remedy at law by way of appeal as evidenced by the fact that relator filed an appeal on November 8, 1994. Second, the parties assert that respondent did not act outside the scope of his jurisdiction by issuing orders in aid of execution of an interlocutory cognovit judgment.

■ Before a writ of prohibition will issue, the movant must demonstrate that (1) an inferior court or officer is about to exercise judicial or quasi-judicial power, (2) the exercise of such power is unauthorized by law, *and* (3) the refusal to issue the writ will result in an injury for which there is no remedy in the ordinary course of law. *State ex rel. Wall v. Grossman* (1980), 61 Ohio St.2d 4, 15 O.O.3d 2, 398 N.E.2d 789; *State ex rel. Bonfiglio v. Brumbaugh* (Apr. 13, 1992), Darke App. No. 1301, unreported, 1992 WL 82683. The three conditions for issuing a writ are conjunctive, that is, the movant must establish that he has met all conditions before a court will issue a writ.

■ There seems to be no question but that respondent is about to exercise, indeed has exercised, judicial power. At issue is whether that exercise of judicial power is unlawful and whether relator can adequately challenge respondent's action by a means other than resorting to an extraordinary remedy.

Civ.R. 54(B) provides:

"When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, *the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay. In the absence of a determination that there is no just reason*

*for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims* or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all of the parties." (Emphasis added.)

The operative words of Civ.R. 54(B) for purposes of this action are, "the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay[.]" Two important points must be made concerning this language. First, Civ.R. 54(B) requires the trial court to expressly determine that a judgment adjudicating less than all of the claims or rights and liabilities of less than all of the parties is nevertheless intended to be a final judgment with respect to that adjudication. In other words, the rule presumes that absent such a determination the trial court is reserving to itself the right to enter a final judgment adjudicating the claims, rights and liabilities of the parties differently from the earlier order adjudicating a single claim of the action.

Second, absent the expressed determination required by Civ.R. 54(B), a judgment adjudicating fewer than all of the claims or parties does not terminate the action with respect to any claim or party. See *Stewart v. Midwestern Indemn. Co.* (1989), 45 Ohio St.3d 124, 543 N.E.2d 1200. See, also, *Jarrett v. Dayton Osteopathic Hosp., Inc.* (1985), 20 Ohio St.3d 77, 20 OBR 407, 486 N.E.2d 99 (Where a trial court's judgment adjudicates fewer than all of the claims and is not certified pursuant to Civ.R. 54[B], such a judgment cannot be vacated under Civ.R. 60(B), as there is no final judgment.). In a multiple-claim or multiple-party action, a judgment adjudicating fewer than all of the claims, rights and liabilities of the parties, and which is not certified, is, by operation of Civ.R. 54(B), subject to revision throughout the remainder of the proceedings. In other words, the judgment does not adjudicate the claim with finality but leaves the claim pending for possible revision in the future when the remaining claims are adjudicated.

In this case, intervenor filed claims against two defendants, relator and Dale T. Smith. Respondent resolved intervenor's claims only with respect to relator. Intervenor's claims against Smith remain pending and are the subject of a motion for summary judgment. However, because respondent did not expressly determine that his judgment against relator was to be final notwithstanding the pendency of other claims, respondent reserved to himself the right to modify that judgment at any time before adjudicating all remaining claims. Intervenor's claim against relator is thus a pending claim the interlocutory determination of which is subject to revision by operation of Civ.R. 54(B). One cannot execute on

a claim absent a final judgment as to that claim. Cf. *Roach v. Roach* (1956), 164 Ohio St. 587, 59 O.O. 1, 132 N.E.2d 742 (in order to have a judgment lien there must be a final judgment for a definite and certain amount of money; there is not a certain amount of money where the judgment is still subject to revision); *Marion Prod. Credit Assn. v. Cochran* (1988), 40 Ohio St.3d 265, 533 N.E.2d 325 ("[T]he execution of all judgments determined upon a single claim should be stayed pending a final determination of the entire action as to all parties."). We conclude, therefore, that respondent's orders in aid of execution of the interlocutory cognovit judgment were unlawful because no final judgments had been rendered on all of intervenor's claims.

Nevertheless, respondent and intervenor also argue, in essence, that even if it was error to issue orders in aid of execution, relator has an adequate remedy at law by way of appeal. As we have noted, the judgment adjudicating intervenor's claims against relator was not certified and thus was not a final judgment. See *Chef Italiano Corp. v. Kent State Univ., supra* (to be a final appealable order, the order must meet the requirements of both Civ.R. 54[B] and R.C. 2505.02). We need not discuss this further except to note that relator has no adequate remedy at law because absent Civ.R. 54(B) certification relator has no means to challenge the judgment against it. If we accept respondent's and intervenor's proposition, a prevailing party could, under court authority, seize the property, garnish the proceeds, or sell the assets of the losing party without the latter having any immediate avenue available for challenging the underlying interlocutory judgment.

■ For the reasons stated above, we conclude that respondent unlawfully exercised judicial power by authorizing intervenor to commence execution upon an interlocutory judgment. We likewise conclude that relator does not have an adequate remedy in the ordinary course of law because the trial court's judgment against it is not a final appealable order. Accordingly, we overrule the motion to dismiss and grant relator's request for a writ of prohibition and order as follows:

1. Respondent shall cease from issuing any further orders in aid of execution of intervenor's judgment against relator until such time as that judgment becomes final by (1) being certified as such as provided in Civ.R. 54(B); or (2) the issuance of a final judgment resolving all of the claims of all of the parties.

2. Having found that respondent unlawfully authorized the execution of an interlocutory judgment, all previous orders issued in aid of execution of that judgment are declared null, and respondent and intervenor are restrained from enforcing any such orders.

The Clerk of the Court of Appeals for Miami County is directed to serve a certified copy of this writ upon respondent and intervenor. Costs of this action are to be paid by respondent.

*So ordered.*

BROGAN, WOLFF and FREDERICK N. YOUNG, JJ., concur.