OPINION
{¶ 1} The instant action in prohibition is presently before this court for consideration of the two motions to dismiss of respondents, the City of Girard, Judge John M. Stuard of the Trumbull County Court of Common Pleas, and Magistrate Anthony Cornicelli. As the primary basis for their motions, respondents assert that the petition of relators, The Leatherworks Partnership and Gordon Schaaf, does not state a viable claim for relief because there is a distinct legal remedy relators could pursue to achieve the same result they seek in this case. For the following reasons, we conclude that both motions to dismiss have merit.
 {¶ 2} In bringing this action, relators seek the issuance of an order prohibiting Judge Stuard and Magistrate Cornicelli from going forward in a foreclosure action initiated by the City against relators in June 1999.[1] In their prohibition petition, relators essentially contend that Judge Stuard and Magistrate Cornicelli lack the jurisdiction to go forward because the foreclosure action is predicated on a prior judgment which is not a final order. Our review of their petition shows that this contention is based on the following allegations.
 {¶ 3} In October 1995, a fire destroyed a tanning factory owned by relators in the city of Girard. Shortly thereafter, the City hired L.T. Boccia Construction Company ("Boccia") to tear down the walls of the gutted building. In turn, Boccia hired Daniel A. Terreri Sons ("Terreri") to remove asbestos during the demolition.
 {¶ 4} On May 1996, the City filed its first action against relators in the Trumbull County Court of Common Pleas. This particular case was docketed as Trumbull C.P. No. 96 CV 0902. In its complaint, the City sought injunctive relief and compensatory damages resulting from the 1995 fire and the costs associated with it. Boccia and Terreri were joined as plaintiffs in the matter, and Terreri filed a cross-claim against the City and Boccia.
 {¶ 5} In December 1996, the City, Boccia, and relators entered into negotiations which eventually led to a settlement agreement concerning the "injunction" action. Under this agreement, relators were required to pay monetary damages to the City and Boccia. Furthermore, relators agreed to remove all of the debris caused by the fire before May 1997. The agreement stipulated that if relators did not clean up the debris and abate the nuisance on its property, the City's cash judgment in the amount of $75,000 would be satisfied in full. All parties to the "injunction" action, except for Terreri, accepted the agreement. Terreri's cross-claim remained pending in the matter.
 {¶ 6} One month later, Magistrate Cornicelli issued a magistrate's decision in which he approved the settlement agreement.[2] As part of this decision, Magistrate Cornicelli recommended that judgment be entered in favor of the City against relators on both the injunction and damages claims in its complaint. However, his decision did not make any recommendation concerning the disposition of Terreri's cross-claim. Moreover, his decision did not expressly recommend that a finding of "no just reason for delay" be made pursuant to Civ.R. 54(B), even though that issue had been discussed during the settlement conference.
 {¶ 7} On March 25, 1997, the trial judge in the "injunction" action rendered a judgment in which he approved and adopted the foregoing magistrate's decision. As part of this judgment, the trial judge ruled in favor of the City on its complaint in accordance with the parties' settlement agreement. However, like the magistrate's decision, the judgment did not dispose of the pending cross-claim and did not contain any Civ.R. 54(B) finding of no just cause for delay.
 {¶ 8} After approximately two years had passed since the issuance of the March 1997 judgment, the City initiated the "foreclosure" action against relators. This second action was docketed as Trumbull C.P. No 99 CV 1084 and was assigned to Judge Stuard. Under the second claim of the new complaint, the City requested Judge Stuard to declare that it had a judgment lien against relators' property as a result of the issuance of the March 1997 judgment in the "injunction" action. The City further requested that Judge Stuard render an order of foreclosure on the property because relators had failed to pay under the prior judgment.
 {¶ 9} After the "foreclosure" action had been pending for two years, relators moved the trial judge in the "injunction" action to vacate the March 1997 judgment. As the basis for this motion, relators simply argued that the prior judgment had not been a final order under Civ.R. 54(B). In November 2001, the trial judge denied the motion, holding that his March 1997 judgment had been a final order because, even though that judgment did not contain an express finding of no just cause for delay, the requisite Civ.R. 54(B) language had been incorporated by inference. As to this point, the trial judge began his analysis by noting that Magistrate Cornicelli had expressly incorporated the transcript of the settlement conference into his magistrate's decision. The trial judge then noted that Magistrate Cornicelli had stated during the conference that his decision would include Civ.R. 54(B) language. Based on this, the trial judge in the "injunction" action concluded that, since Magistrate Cornicelli had incorporated the transcript of the conference into his decision, the reference to Civ.R. 54(B) during the conference was also incorporated into the March 1997 judgment when the trial judge approved the magistrate's decision.
 {¶ 10} Once the motion to vacate in the "injunction" action had been overruled, Judge Stuard and Magistrate Cornicelli began to take steps to proceed with the "foreclosure" case. When the trial in the latter case was scheduled for February 2002, relators filed the instant case to stop any further proceedings on the foreclosure complaint. Originally, relators only named Judge Stuard and Magistrate Cornicelli as the respondents in this matter. However, in June 2002, we granted the City's motion to intervene in this action as a respondent.
 {¶ 11} The crux of relators' prohibition petition is that the March 1997 judgment, which the City is trying to enforce in the foreclosure case, is not a final appealable order because the trial judge in the injunction action never made an express finding of no just cause for delay. Stated differently, relators argue that the trial judge in the injunction action erred in denying their motion to vacate the March 1997 judgment.
 {¶ 12} In light of the foregoing, relators further assert that the "defect" in the March 1997 judgment deprives Judge Stuard and Magistrate Cornicelli of jurisdiction to proceed in the foreclosure action. In support of this assertion, they rely on State ex rel. Electrolert, Inc.v. Lindeman (1994), 99 Ohio App.3d 154, in which the Second District ordered a common pleas judge to cease from issuing any orders in aid of the execution of a prior judgment because that judgment was not final under Civ.R. 54(B).
 {¶ 13} Finally, relators allege in their petition that a writ of prohibition should be issued in this instance because there is no other legal remedy they could pursue to protect their rights in the subject property. As to this point, they emphasize that they could not have appealed the March 1997 judgment because it was merely an interlocutory order.
 {¶ 14} Upon considering relators' allegations and the various documents accompanying their prohibition petition, this court concludes that, in order to resolve this case, it is not necessary for us to address the issue of whether the March 1997 judgment was a final appealable order. Specifically, we hold that, since Judge Stuard generally has subject matter jurisdiction over a foreclosure case, he has the basic authority to decide whether the March 1997 judgment is enforceable against relators' property in that type of case. Furthermore, we conclude that even if Judge Stuard were to make an improper decision concerning the enforceability of the judgment, relators still have an adequate remedy at law because they can always appeal the final judgment in the foreclosure action. Thus, this court ultimately holds that relators' petition does not state a viable claim because they will never be able to satisfy the third element for a writ of prohibition.
 {¶ 15} As a general proposition, the purpose of a writ of prohibition is to stop an inferior court or judicial officer from acting beyond the scope of their jurisdiction. State ex rel. Tubbs Jones v.Suster (1998), 84 Ohio St.3d 70, 73. In light of this basic definition, the Supreme Court of Ohio has indicated that a writ of prohibition can only be issued when the relator is able to show that: (1) a lower court or officer is about to exercise judicial or quasi-judicial power; (2) the exercise of that power is clearly not authorized by law; and (3) a denial of the writ would cause an injury for which no adequate legal remedy exists. See State ex rel. Hunter v. Summit Cty. Human Resource Comm.
(1998), 81 Ohio St.3d 450, 451. In construing these elements, the Supreme Court has consistently stated that a writ of prohibition is an extraordinary remedy which should not be granted routinely or easily.Tubbs Jones at 73.
 {¶ 16} In the instant case, relators have alleged in their petition that either Judge Stuard or Magistrate Cornicelli was about to exercise jurisdiction in the underlying action by holding a trial on the foreclosure complaint; as a result, relators' allegations are legally sufficient to satisfy the first element of a prohibition claim. Accordingly, the outcome of our analysis as to the sufficiency of relators' petition will turn upon whether their allegations can satisfy the second and third elements of such a claim. In considering these two elements in prior prohibition cases, this court has noted that, depending upon the nature of the alleged jurisdictional defect, there are circumstances under which a writ of prohibition will lie even when an adequate legal remedy does exists:
 {¶ 17} "In regard to the second and third elements of such a claim, the Supreme Court of Ohio has indicated that if a trial court has general jurisdiction over the subject matter of a specific type of case, a prohibition action usually cannot be maintained to determine whether the exercise of jurisdiction in a particular instance is proper. See State ex rel. Enyart v. O'Neill (1995), 71 Ohio St.3d 655, 657, * * *. This holding is predicated upon the fact that, even if the trial court is exceeding its power in performing a specific act, the relator has an adequate legal remedy because the decision to exercise jurisdiction can be fully reviewed in a direct appeal.
 {¶ 18} "However, the Supreme Court has also recognized an exception to this general rule. Pursuant to this exception, even if the trial court has general jurisdiction over the matter before it, its decision to exercise jurisdiction in a particular instance can be contested in a prohibition action when the lack of jurisdiction is patent and unambiguous. State ex rel. Tubbs Jones v. Suster (1998), 84 Ohio St.3d 70, 74, * * *. Under such circumstances, a writ of prohibition will lie even when the trial court's decision is appealable; i.e., if the lack of jurisdiction is patent and unambiguous, the relator is no longer required to establish the lack of an adequate legal remedy. State ex rel. Rogers v. McGee Brown (1997), 80 Ohio St.3d 408, 410, * * *." Willoughby-Eastlake City School Dist. v. Lake Cty. Court of Common Pleas
(Apr. 21, 2000), 11th Dist. No. 99-L-130, 2000 Ohio App. LEXIS 1758, at *6-7.
 {¶ 19} Under the foregoing authority, the initial issue which must be addressed in regard to the second and third elements is whether the alleged jurisdictional defect is patent and unambiguous. In reviewing the case law on this particular point in prior cases, this court has noted that if there are no set of facts under which a trial court or judge could have jurisdiction over a particular case, the alleged jurisdictional defect will always be considered patent and unambiguous. On the other hand, if the court or judge generally has subject matter jurisdiction over the type of case in question and his authority to hear that specific action will depend on the specific facts before him, the jurisdictional defect is not obvious and the court/judge should be allowed to decide the jurisdictional issue. See State ex rel. Lee v.Trumbull Cty. Probate Court (Sept. 17, 1999), 11th Dist. No. 97-T-0150, 1999 Ohio App. LEXIS 4326. In summarizing the precedent on this point, this court stated:
 {¶ 20} "The logic behind the foregoing proposition is that if a trial court possesses general jurisdiction over a particular subject matter, it should be allowed to determine its own jurisdiction. If that determination is legally incorrect, a party can challenge the court's decision through an appeal of the decision at that conclusion of the action at the trial level. It is only when a trial court does not have general jurisdiction over a subject matter that a writ of prohibition will lie; i.e., a lack of jurisdiction is only patent and unambiguous when the court's own findings, even if supported by the evidence, do not support the exercise of jurisdiction." Id., 1999 Ohio App. LEXIS 4326, at *15.
 {¶ 21} In the instant case, Judge Stuard, as a sitting member of a county common pleas court, has subject matter jurisdiction to hear a foreclosure action. See Buckman v. Goldblatt (1974), 39 Ohio App.2d 1. Furthermore, Judge Stuard's determination as to whether he has the authority to hear the underlying case will depend upon the nature of the "evidence" presented to him concerning the March 1997 judgment in the "injunction" action. Although the "evidence" presented to Judge Stuard will probably consist of the same documents which relators have attached to their prohibition petition, the foregoing precedent supports the conclusion that he should be afforded the opportunity to decide the jurisdictional issue first. Therefore, this court holds that the alleged jurisdictional defect in the foreclosure action, as asserted by relators in their petition, is not patent and unambiguous.
 {¶ 22} In light of the foregoing holding, it follows that relators would be entitled to a writ of prohibition only if they could establish that there exists no other legal remedy through which they could obtain the same results. However, relators' own allegations in their petition supports the further conclusion that an adequate legal remedy does exist. If Judge Stuard subsequently rules that he has the authority to enforce the March 1997 judgment, and then proceeds to enter judgment in favor of the City on its foreclosure compliant, the latter judgment will constitute a final order which relators could appeal to this court. Moreover, once the appeal is pending, relators could obtain a stay of the foreclosure judgment until the merits of the appeal could be decided. Thus, since relators' rights in the property at issue would not be prejudiced under the foregoing procedure, the instant action cannot go forward as a substitute for the foreclosure action.
 {¶ 23} As was noted above, relators argue that this court should follow the analysis of the Second Appellate District in State ex rel.Electrolert, Inc. v. Lindeman (1994), 99 Ohio App.3d 154. InElectrolert, the trial judge issued a judgment for compensatory damages in favor of the plaintiff against one of the two defendants. Despite the fact that this judgment did not dispose of all pending claims and did not contain a finding of no just cause for delay under Civ.R. 54(B), the trial judge subsequently began to issue other orders which aided the plaintiff in the execution of the judgment. In reviewing the trial judge's actions in the context of a prohibition case, the Second Appellate District held that the writ should issue because: (1) in the absence of 54(B) language, the judgment in question was merely an interlocutory order which the trial judge lacked jurisdiction to enforce; and (2) the defendant/relator did not have an adequate legal remedy because the judgment in question was not a final order which could be directly appealed to the appellate court.
 {¶ 24} Although this court readily agrees with the Electrolert
analysis, the facts of our case are distinguishable from those before the Second Appellate District. In the instant case, the enforcement proceedings are not occurring in the same action in which the disputed judgment was rendered; instead, the enforcement proceedings are taking place in a distinct action. In that separate action, Judge Stuard will be required to issue a final judgment on the foreclosure matter before relators' rights in the subject property can be prejudiced. As a result, unlike the defendant/relator in Electrolert, both relators before this court have an adequate legal remedy because they will be able to pursue an appeal prior to the ultimate enforcement of the disputed judgment.
 {¶ 25} In applying Civ.R. 12(B)(6) to prohibition petitions, the Supreme Court of Ohio has concluded that such a petition does not state a viable claim for relief when the nature of the relator's allegations are such that, even when all reasonable inferences are made in his favor, it is apparent beyond doubt that the relator will be unable to establish a set of facts under which the writ would be warranted. Hunter, supra, at 451. In light of this standard, this court holds that relators' petition is legally insufficient to satisfy the third element of a prohibition claim. Specifically, we hold that their petition does not state a viable claim because relators' own allegations support the conclusion that they have an adequate legal remedy in regard to the enforcement proceedings against their property in Girard, Ohio.
 {¶ 26} Pursuant to the foregoing discussion, respondents' dual motions to dismiss the prohibition petition are granted. It is the order of this court that relators' prohibition petition is hereby dismissed.
DONALD R. FORD, J., JUDITH A. CHRISTLEY, J., DIANE V. GRENDELL, J., concur.
[1] For the sake of clarity and brevity, the three respondents shall be referenced by their proper names in the upcoming statement of facts. Furthermore, the City of Girard will be referred to as the "City."
[2] Although the "injunction" action and the "foreclosure" action were assigned to different judges of the Trumbull County Court of Common Pleas, Magistrate Cornicelli participated in both cases.