IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| BANNER BANK, | ) | No. 34789-3-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RUNNING MC RANCH, a Washington | ) | |
| Partnership; JESSE JAY MCCAW and | ) | UNPUBLISHED OPINION |
| KATE GARLAND MCCAW, and the | ) | |
| marital community composed thereof, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| DOUBLE J FARMS, LLC, a Washington | ) | |
| Limited Liability Company, | ) | |
| | ) | |
| Defendant. | ) | |

LAWRENCE-BERREY, J. — Running MC Ranch, Jesse McCaw, and Kate McCaw

(collectively Appellants) appeal the September 7, 2016 judgment against them. That

judgment does not dispose of Banner Bank's claim against Double J Farms, LLC. Nor

does the judgment satisfy CR 54(b) certification requirements. Because such a judgment

is subject only to discretionary review, and because the circumstances that permit

discretionary review are not present here, we deny review of this appeal.

FACTS

*Factual background*

On October 1, 2013, Running MC Ranch (MC Ranch) borrowed $1,200,000 from Banner Bank. MC Ranch is a partnership composed of Jesse McCaw and Kate McCaw. The original terms of repayment were set forth in a promissory note and security agreement, and the McCaws guaranteed the repayment.

The loan terms were modified several times. The loan matured on November 1, 2015. MC Ranch and the McCaws defaulted. On November 20, 2015, the McCaws formed Double J Farms, LLC (Double J). The McCaws are the sole owners and managers of Double J.

Banner Bank filed suit against MC Ranch and the McCaws to collect the unpaid balance, together with reasonable attorney fees and costs, and to foreclose on its security. Banner Bank also brought a claim against Double J on the theory that Double J was a successor in interest to MC Ranch.

*Procedural background*

Banner Bank moved for summary judgment against all defendants. The defendants filed oppositional pleadings. Before the summary judgment hearing, Banner Bank prepared a proposed order granting summary judgment and a proposed judgment.

The trial court granted Banner Bank's motion as to MC Ranch and the McCaws. The trial court reserved ruling on Banner Bank's motion as to Double J.

Banner Bank did not want to delay entry of an order or a judgment. It therefore struck references to Double J from its prepared pleadings, and asked the trial court to sign them. The defendants objected on a number of grounds.

The trial court eventually instructed Banner Bank to present its proposed pleadings in accordance with the local rule. The local rule required Banner Bank to file and serve its proposed pleadings, and allowed the defendants 15 days to object and to file and serve their own proposed pleadings.

On September 7, 2016, Banner Bank filed and served its proposed pleadings, which were the same interlineated pleadings it had requested the trial court to sign. That same day, and in apparent conflict with the local rule, the trial court signed the proposed pleadings. In addition, the trial court denied Banner Bank's summary judgment motion as to Double J.

Both the order and the judgment refer to the judgment as "final," and permit Banner Bank to foreclose on its collateral and institute other collection remedies.

MC Ranch and the McCaws appeal.

ANALYSIS

A.   THE JUDGMENT IS NOT APPEALABLE, AND THE CIRCUMSTANCES PERMITTING
DISCRETIONARY REVIEW ARE NOT MET

RAP 2.2 lists the decisions of the superior court that may be appealed.

RAP 2.2(d) provides in relevant part:

> **Multiple Parties or Multiple Claims or Counts.** In any case with
> multiple parties or multiple claims for relief, . . . an appeal may be taken
> from a final judgment that does not dispose of all the claims or counts as to
> all the parties, but only after an express direction by the trial court for entry
> of judgment and an express determination in the judgment, supported by
> written findings, that there is no just reason for delay. The findings may be
> made at the time of entry of judgment or thereafter on the court's own
> motion or on motion of any party. . . . In the absence of the required
> findings, determination and direction, a judgment that adjudicates less than
> all the claims or counts, or adjudicates the rights and liabilities of less than
> all the parties, is subject only to discretionary review . . . .

To be appealable, judgments determining fewer than all the issues must comply

with the requirement of RAP 2.2(d), which reiterates the requirements of CR 54(b). To

comply with CR 54(b), a judgment must satisfy four requirements:

> "(1) [There must be] more than one claim for relief or more than one party
> against whom relief is sought; (2) an express determination that there is no
> just reason for delay; (3) written findings supporting the determination that
> there is no just reason for delay; and (4) an express direction for entry of the
> judgment."

*Fluor Enters., Inc. v. Walter Constr., Ltd.*, 141 Wn. App. 761, 767, 172 P.3d 368 (2007)

(quoting *Nelbro Packing Co. v. Baypack Fisheries, LLC*, 101 Wn. App. 517, 523, 6 P.3d

4

22 (2000)). "'There must be something in writing, certified by the judge who tried the case, which an appellate court can look at and determine immediately whether the appeal is timely.'" *Pepper v. King County*, 61 Wn. App. 339, 346, 810 P.2d 527 (1991) (quoting *Schiffman v. Hanson Excavating Co.*, 82 Wn.2d 681, 690, 513 P.2d 29 (1973)).

Absent unusual circumstances, "entry of a final judgment should await the resolution of all claims for and against all parties." *Fluor Enters.*, 141 Wn. App. at 767. There are reasons we prefer not to treat such judgments as final and appealable. One reason is to avoid a multiplicity of appeals. *Id.* at 769. Another reason is to avoid the disruptive effects of enforcement and appellate activity while trial court proceedings are still occurring. *Id.*

In the present case, the trial court failed to certify that there was no just reason for delay. Banner Bank contends that the order, the judgment, and the letter ruling contain express written findings that support compliance with CR 54(b). We disagree. These documents contain no indication that the trial court considered CR 54(b) or attempted to ascertain whether no just reason for delay existed. Although the trial court order and judgment allow Banner Bank to execute on the judgment, there is no express determination that there is no just reason for delay. For this reason, and notwithstanding language in the order or the judgment, we do not deem the judgment a final judgment.

RAP 5.1(c) provides that a notice of appeal of a decision that is not appealable will be treated as a notice for discretionary review. However, the circumstances under which discretionary review would be permitted do not apply to this case. *See* RAP 2.3(b). The superior court has not committed an obvious error that would render further proceedings useless, nor committed a probable error that alters the status quo, nor has the superior court so far departed from the accepted and usual course of judicial proceedings. *See* RAP 2.3(b). Thus, discretionary review is denied.

Appellants ask that the judgment be vacated for failure to comport with CR 54(b). CR 54(b) does not contemplate vacation of an order that fails to make such a determination. Rather, the effect is that the judgment is not deemed final until all claims against all defendants have been adjudicated. Because the appeal is premature, we remand to the trial court for further proceedings. If the trial court determines that the September 7, 2016 judgment is final and that there is no just reason for delay, it should make written findings to that effect in accordance with CR 54(b).

B.    WE DECLINE TO ADDRESS THE PARTIES' SUBSTANTIVE ARGUMENTS

Appellants argue that since the judgment is not final, Banner Bank may not execute on the judgment. Since we must dismiss this appeal because the judgment lacks

required certification language, we do not address this or any other argument. We cannot both dismiss an appeal because it was improperly filed and rule on its merits.

### C. REASONABLE ATTORNEY FEES, EXPENSES AND COSTS

Banner Bank requests an award of attorney fees, expenses and costs under RAP 18.1. The promissory note and the security agreement specify that Banner Bank is entitled to recover its reasonable attorney fees and costs in the event it prevails in litigation.

RCW 4.84.330 dictates that where a contract specifically provides for attorney fees and costs, the "prevailing party" shall be entitled to such fees and costs. The statute defines "prevailing party" as "the party in whose favor final judgment is rendered." RCW 4.84.330.

No final judgment has been rendered. Therefore, Banner Bank is not the prevailing party. This does not preclude Banner Bank from requesting reasonable attorney fees in the trial court if and when it does prevail. To the extent Banner Bank reasonably incurred attorney fees on appeal, the trial court may grant those fees under the lodestar method. *Crest Inc. v. Costco Wholesale Corp.*, 128 Wn. App. 760, 773, 115 P.3d 349 (2005).

But because both parties requested affirmative relief, and we have declined to award such relief, we exercise our discretion and decline an award of appellate costs to Banner Bank or to Appellants. RAP 14.2.

## CONCLUSION

Because a final judgment has not yet been properly entered and we do not grant discretionary review, we remand to the trial court for further proceedings.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, J.

WE CONCUR:

Fearing, C.J.

Pennell, J.