**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

KEITH SHRINER and ELIZABETH ) No. 77637-1-I
SHRINER, husband and wife, )
)
        Respondents, )
) DIVISION ONE
        v. )
)
)
JON J. DUFRESNE and JANE DOE ) UNPUBLISHED OPINION
DUFRESNE, husband and wife and the )
marital community composed thereof, ) FILED: March 4, 2019
)
        Appellants. )
_____ )

MANN, A.C.J. — Keith and Elizabeth Shriner appeal the trial court's decision dismissing with prejudice their breach of contract claims against John Dufresne. Because Dufresne's counterclaims remain pending for trial, there is no final judgment. And because the Shriners failed to request discretionary review through either RAP 2.2(d) or RAP 2.3, we dismiss the Shriners' appeal as untimely, without prejudice.

I.

The Shriners began renting a residential property from Dufresne in February 2012. The lease agreement included an option to purchase the property for $345,000. The initial term for the purchase option was 36 months, with a 24-month extension for

an $8,000 fee. The Shriners paid the $8,000 fee, extending their option to purchase until January 31, 2017.

In 2015, Dufresne began negotiating with a third party buyer. Under the lease agreement, the "Landlord may assign the lease and property to third parties or Corporation but said parties or corporation shall assume all terms and conditions of this Lease with Purchase Agreement." The Shriners exercised their option to purchase the property because they feared the third party may not honor their option to purchase. Dufresne ended negotiations with the third party when the Shriners expressed an intent to exercise their option to purchase. After contentious negotiations, the Shriners and Dufresne entered a purchase and sale agreement (PSA) on November 25, 2015.

The Shriners were unable to secure financing before the January 8, 2016, closing deadline, due to prior foreclosure. The Shriners believed that the lease agreement preserved their option to purchase the property until 2017, even if the 2015 PSA failed. The Shriners proposed two more PSAs in July and August 2016. The terms of those PSAs differed from the 2015 PSA and Dufresne rejected those offers.

The Shriners filed their complaint on September 8, 2016, and filed a lis pendens to prevent Dufresne from selling the property to a third party. Dufresne counterclaimed alleging breach of the lease agreement and the PSA.

The trial court granted Dufresne's motion for summary judgment, dismissing with prejudice the Shriners' claims, cancelling the lis pendens, and releasing all funds in the court registry for past rent to Dufresne's counsel. The order also prevented Dufresne from evicting the Shriners for six months, allowing them to live in the residence pursuant

to the 2012 lease agreement. The order indicated Dufresne may apply for reasonable attorney fees and costs.

The trial court granted Dufresne's motion for attorney fees and costs for $49,592.73. Dufresne filed several writs of garnishment, and the court ordered garnishee, JP Morgan Chase, to pay $1,495.25 for the garnishment amount and $483.15 for costs amount to Dufresne from the Shriners' bank account. The Shriners appeal.

The Shriners did not request entry of a final judgment pursuant to CR 54(b) from the trial court. Instead, the Shriners moved for a stay of trial proceedings pending appellate review. In the Shriners' reply to the motion to stay proceedings, the Shriners indicated that they were not requesting a stay of judgment enforcement and indicated that "Dufresne can and should be allowed to commence collection proceedings on the Judgment for Attorneys' Fees and Costs entered on January 5, 2018." The court denied the Shriners' motion to stay proceedings and set a new trial date for October 1, 2018. Trial on Defresne's counterclaims is pending.

II.

The Shriners contend that this appeal is properly before the court pursuant to RAP 2.2(3). We disagree.

Appellate review of a trial court's decision is comprised of appeals and discretionary review. RAP 2.1(a). An "appeal" is appellate review as a matter of right and "discretionary review" is review by appellate court permission. RAP 2.1(a). The latter is at issue in this appeal. RAP 2.2 defines the trial court decisions that are reviewable as a matter of right. Absent a final judgment or other order listed in RAP

No. 77637-1-I/4

2.2(a), a party may seek appellate review by filing a motion for discretionary review under RAP 2.3. The Rules of Appellate Procedure are designed to guard against piecemeal appeals absent narrow exceptions. Loeffelholz v. Citizens for Leaders with Ethics and Accountability Now (C.L.E.A.N.), 119 Wn. App. 665, 693, 82 P.3d 1199 (2004).

Under RAP 5.1(a), a party seeking discretionary review must file a notice for discretionary review with the trial court. Within 15 days of filing the notice for discretionary review, the party must file a motion for discretionary review. RAP 6.2(b). Before a case is properly before this court, the appellate court must grant the motion for discretionary review.

In a case with multiple parties or claims for relief, the appellate court will grant review of a judgment that does not dispose of all the claims, "but only after an express direction by the trial court for entry of judgment and express determination in the judgment, supported by written findings, that there is no just delay." RAP 2.2(d). A party may file a motion in the trial court requesting those express findings pursuant to CR 54(b). CR 54(b) states

> [w]hen more than one claim for relief is presented in an action, whether as a claim [or] counterclaim . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination in the judgment, supported by written findings, that there is no just reason for delay and upon an express direction for the entry of judgment.

"CR 54(b) makes an immediate appeal available in situations in which it could be unjust to delay entering a judgment on a distinctly separate claim until the entire case has

been finally adjudicated." Gull Indus., Inc. v. State Farm Fire and Cas. Co., 181 Wn. App. 463, 480, 326 P.3d 782 (2014).

Four elements must be met before a trial court can enter a CR 54(b) final judgment: "(1) more than one claim for relief or more than one party against whom relief is sought; (2) an express determination that there is no just reason for delay; (3) written findings supporting the determination that there is no just reason for delay; and (4) an express direction for entry of the judgment." Fluor Enters., Inc. v. Walter Constr. Ltd., 141 Wn. App. 761, 767, 172 P.3d 368 (2007) (citation omitted).

When determining whether there is no just reason for delaying the entry of a final judgment, the trial court should consider the following factors:

> (1) the relationship between the adjudicated and the unadjudicated claims, (2) whether questions which would be reviewed on appeal are still before the trial court for determination in the unadjudicated portion of the case, (3) whether it is likely that the need for review may be mooted by future developments in the trial court, (4) whether an immediate appeal will delay the trial of the unadjudicated matters without gaining any offsetting advantage in terms of the simplification and facilitation of that trial, and (5) the practical effects of allowing an immediate appeal.

Lindsay Credit Corp. v. Skarperud, 33 Wn. App. 766, 772, 657 P.2d 804 (1983) (citation omitted). Absent the required findings by the trial court, "a judgment that adjudicates less than all the claims and counts . . . is subject only to discretionary review until the entry of a final judgment adjudicating all the claims." RAP 2.2(d). Findings under CR 54(b) are reviewed for an abuse of discretion. Kershaw Sunnyside Ranches, Inc. v. Yakima Interurban Lines Ass'n, 121 Wn. App. 714, 724, 91 P.3d 104 (2004), rev'd in part on other grounds, Kershaw Sunnyside Ranches, Inc. v. Yakima Interurban Lines Ass'n, 156 Wn.2d 253, 126 P.3d 16 (2006).

The Shriners have not complied with either RAP 2.3 or RAP 2.2(d). Nor have they complied with CR 54(b). The Shriners also do not explain why Dufresne's counterclaims would not implicate RAP 2.2(d) and CR 54(b). Instead, the Shriners argue that the order is appealable under RAP 2.2(a)(3), and attempt to distinguish Fluor Enterprises, contending that the appeal is warranted at this juncture because the Shriners have no remaining claims that would offset any judgment that Dufresne may receive on his counterclaims.

First, RAP 2.2(a)(3) makes "any written decision affecting a substantial right in a civil case that in effect determines the action and prevents a final judgment or discontinues the action" appealable. The Shriners argue that the execution of the writ of garnishment affected a substantial right. The Shriners' argument ignores the second part of RAP 2.2(a)(3), which requires the decision to "prevent a final judgment or discontinue the action." Here, neither is present. The order dismissing with prejudice the Shriners' claims did not prevent a final judgment or discontinue the action. A final judgment will be entered after the adjudication of Dufresne's counterclaims and the action will be discontinued at that time. This appeal is not properly before this court because the Shriners cannot satisfy the requirements of RAP 2.2(a)(3).

Second, Fluor Enterprises is inapplicable to this case because the Shriners did not move for discretionary review. The issue in Fluor Enterprises was whether a partial judgment is immediately enforceable if it is not appealed. Fluor Enters., 141 Wn. App. at 767. Fluor attempted to execute the judgment it obtained against Walter while Walter still had pending claims against Fluor. Fluor Enters., 141 Wn. App. at 765-66. In Fluor Enterprises, the trial court had not entered CR 54(b) findings, but the appellate court

granted discretionary review of the trial court's order denying Walter's motion to quash a writ of execution. Fluor Enters., 141 Wn. App. at 766. The Shriners attempt to distinguish Fluor Enterprises arguing that this court can hear their appeal because, unlike in Fluor Enterprises, there are no competing claims remaining. The Shriners' argument ignores that in Fluor Enterprises, the Court of Appeals granted discretionary review. Fluor Enters., 141 Wn. App. at 763. Here, the Shriners have not requested discretionary review under RAP 2.3. Since there are still pending counterclaims and there is no final judgment pursuant to RAP 2.2, this court cannot hear the Shriners' appeal at this time.

III.

Dufresne requests attorney fees on appeal pursuant to RAP 18.1(a). Dufresne contends that both the lease agreement and the lis pendens statute authorize attorney fees. The trial court granted fees pursuant to the lease and the lis pendens statute, therefore we award Dufresne reasonable attorney fees upon compliance with RAP 18.1. RCW 4.28.328(3); see Richau v. Rayner, 98 Wn. App. 190, 988 P.2d 1052 (1999).

The Shriners' appeal is dismissed without prejudice.

_Mann, ACJ._

WE CONCUR:

_Cox, J._ _Dwyer, J._

-7-